# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 26-7011**                                    **September Term, 2025**

1:24-cv-03639-JMC

**Filed On:** June 3, 2026

Ramin Ghayoori,

        Appellant

    v.

Sultanate of Oman,

        Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Pillard, and Rao, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's January 7, 2026, January 23, 2026, and February 2, 2026 orders be affirmed.  Appellant has not shown that the district court abused its discretion in denying his motion seeking relief under Federal Rule of Civil Procedure 60(b), in which he argued for the first time that the court had subject matter jurisdiction based on a foreign sovereign's fraudulent misrepresentations.  Appellant failed to demonstrate that his pro se status constitutes "excusable neglect" justifying relief under Rule 60(b)(1).  Appellant further failed to show "extraordinary circumstances" meriting relief under Rule 60(b)(6).  See Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980) (Rule 60(b)(6) may not be used "to rescue a litigant from strategic choices that later turn out to be improvident").  Additionally, the district court was not required to identify and address possible legal theories that appellant failed to raise. Schneider v. Kissinger, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) (arguments are forfeited if they are raised "only in the most skeletal way") (citation omitted).  On appeal, appellant has not raised any other challenge to the district court's conclusion that he failed to establish subject matter jurisdiction, and thus any such challenge is forfeited. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

**No. 26-7011**                                **September Term, 2025**


        Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>


        **FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk